IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIK Y. SHABAZZ
    Plaintiff,
v.      *      CIVIL NO. WDQ-11-3157

STATE OF MARYLAND
DEPARTMENT OF SOCIAL SERVICES
    Defendants.

*****

MEMORANDUM

On November 3, 2011, the Plaintiff, a resident of Baltimore, Maryland, filed the instant self-represented civil rights case against the State of Maryland and Department of Social Services. The Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which shall be granted.

The factual allegations in the Complaint primarily relate to a dispute regarding child custody. The Plaintiff indicates the Department of Social Services took custody of his daughter in December, 2008. He states that he wants the "State of Maryland and family members to return to [him his] child." ECF No.1. The claims raised in this Complaint plainly involve issues relating to custody matters litigated in the state court. The case may not proceed in this Court for a number of reasons. First, it involves matters of family law. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Such issues traditionally have been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). Second, the Court is without jurisdiction to review a civil rights complaint filed against the State or its agencies. Under the Eleventh Amendment

to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's complaint against the State of Maryland and the Department of Social Services is barred by the Eleventh Amendment.

Additionally, the action is based upon the history of prior state court custody and domestic violence proceedings.[1] Under the *Rooker-Feldman* doctrine,[2] a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[3] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

---

[1] The Plaintiff references "ex parte" proceedings instituted against him for the protection of his daughter.

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[3] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.

For the aforementioned reasons, the Court hereby dismisses the case for lack of federal court subject matter jurisdiction. A separate Order follows.

Date: 12/2/11

William D. Quarles, Jr.
United States District Court